■ In the Matter of DONALD J. KURTH, JR., et al., Respondents, v RALPH H. SUSSKIND, Appellant. [606 NYS2d 301] —In a proceeding pursuant to CPLR article 78 to prohibit the New York State Division of Human Rights from prosecuting a sex discrimination complaint, the New York State Division of Human Rights appeals from an order of the Supreme Court, Nassau County (Saladino, J.), entered July 26, 1991, which denied its motion for leave to serve an answer to the petition pursuant to CPLR 7804 (f).

Ordered that the order is affirmed, without costs or disbursements.

The petition in the instant proceeding was originally returnable on July 11, 1990. This return date was later adjourned to July 25, 1990. The appellant New York State Division of Human Rights prepared a cross motion to dismiss the petition *(see,* CPLR 7804 [f]) and this cross motion was allegedly served

on July 17, 1990, but the cross motion was rejected by the Clerk of the Court on that date.

On July 25, 1990, the Supreme Court ruled that the petition was submitted without opposition.

After learning that the petition had been marked submitted without opposition, the attorney for the appellant made what was labeled a "motion to reargue". This motion, dated August 7, 1990, represented the first of several attempts by the appellant to have the merits of its cross motion to dismiss considered in conjunction with, and in opposition to, the petition.

On September 18, 1990, the Supreme Court issued a "short form" order which granted the petition, on default, to the extent of staying the appellant from prosecuting the underlying discrimination complaint "until further order of this court". On October 31, 1990, the court signed a judgment (denominated an order) which granted the petition and which permanently prohibited the appellant from prosecuting the underlying complaint. This judgment was entered on November 5, 1990. Both the order and the judgment recited that they were made without opposition. The appellant's "motion to reargue" was essentially a vehicle for the late submission of an application to dismiss the petition.

By order dated November 3, 1990, the Supreme Court directed a conference on the application to dismiss the petition. Since the cross motion to dismiss had been rejected by the Clerk, the Supreme Court must have been referring to the "motion to reargue".

At the conference held on January 15, 1991, the court instructed the appellant to make what was characterized as another "motion to reargue". The appellant did so by notice of motion dated January 29, 1991. The court denied this second "motion to reargue" by order dated April 17, 1991.

On May 10, 1991, the appellant made what it denominated a motion for leave to serve an answer. This motion was denied in the order appealed from, entered July 26, 1991.

Once the default judgment dated October 31, 1990, had been entered, the appellant's exclusive remedy was to move to vacate its default (see, CPLR 5015 [a] [1]). As a defaulting party, the appellant had neither the right to appeal (see, CPLR 5511; *Boatwright v City of Yonkers,* 183 AD2d 867; *Matter of Mitchell v Morris,* 177 AD2d 579; *Calvagno v Nationwide Mut. Fire Ins. Co.,* 110 AD2d 741; *Montalvo v Key Indus.,* 98 AD2d 767; 7 Weinstein-Korn-Miller, NY Civ Prac

¶ 5511.10; 10 Carmody-Wait 2d, NY Prac § 70.30), nor the right to reargue *(see, Parker v MacMahon,* 53 AD2d 1034).

The appellant does not ask us to treat its motion for leave to serve an answer as though it were in fact one for discretionary relief from the default judgment *(see,* CPLR 5015 [a]). In any case, the appellant has never adequately explained the reasons for its initial failure to timely submit its cross motion to dismiss with proper proof of service. The affidavits attesting to the supposed service of this cross motion on July 17, 1990, are dated October 16, 1990, and August 7, 1990, respectively. The cross motion was rejected by the Clerk of the Supreme Court, Nassau County, on July 17, 1990, with the notation "Refused NO SERVICE". The apparent absence of any affidavit of service from the motion papers originally submitted to the Supreme Court is consistent with the sworn statements repeatedly made by the attorney for the petitioner that his office had in fact never received the cross motion. Under these and all the other circumstances of this case, we find that the appellant has failed to demonstrate entitlement to relief from the default judgment. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.