■ EDWARD DeVITA, Appellant, v CITY OF POUGHKEEPSIE et al., Respondents, and HAROLD JENNINGS, Appellant. [745 NYS2d 212] —In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiff, Edward DeVita, and the defendant Harold Jennings, jointly appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Beisner, J.), dated November 27, 2000, which, among other things, granted the motion of the defendant Louis Snell for summary judgment on his counter-claim and cross claim and denied their respective cross motions for summary judgment.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In 1985 the plaintiff purchased a parcel of real property located at 72-74 Beechwood Avenue in Poughkeepsie. Three years later, during the pendency of a divorce action, he conveyed the property to his business, North Star Lincoln Mercury, Inc. (hereinafter North Star). In June 1995 North Star reconveyed the property to the plaintiff. On August 16, 1995, the defendant Harold Jennings obtained a judgment against North Star in the sum of $102,012 in an action arising out of North Star's default, in January 1995, on its obligations

under a lease. After his efforts to enforce the judgment proved unsuccessful, Jennings commenced an action against North Star and the plaintiff seeking, among other things, to set aside the 1995 transfer of the property from North Star to the plaintiff as a fraudulent conveyance. On March 14, 1996, he filed a notice of pendency against the property.

The plaintiff failed to pay the 1996 property taxes levied on the property by the City of Poughkeepsie (hereinafter the City). Since the City opted out of the provisions of the Uniform Delinquent Tax Enforcement Act (see RPTL art 11; 1104 [2]), its procedures for the enforcement of delinquent taxes are set forth in section 14 of the Administrative Code of the City of Poughkeepsie (hereinafter the Code). A certified letter dated November 4, 1996, was sent to the plaintiff at the property address advising him of the delinquent taxes and that a sale of the tax lien would be held on December 13, 1996, if the taxes were not paid. It also advised him that the lien could be redeemed at any time within two years after the sale, and that, if the lien were not redeemed, a tax deed would be issued to the lienholder. A James Smith signed for the letter. No notice was sent to Jennings since the Code provided for notice only to owners and lienors (see Administrative Code of City of Poughkeepsie § 14.20).

On December 13, 1996, Louis Snell purchased the tax lien. Pursuant to section 14.26 of the Code, a notice of redemption was published prior to the expiration of the two-year redemption period. In addition, in October 1998 a letter was sent to the plaintiff at his then last-known address in Florida advising him of the impending expiration of the redemption period. The letter was returned to the City as undeliverable since the forwarding notice had expired. Again, no notice was sent to Jennings. The City issued a deed to Snell on January 6, 1999.

On January 15, 1999, the plaintiff commenced this action against the City, its Commissioner of Finance, Jennings, and Snell seeking, among other things, to set aside the tax lien sale to Snell and for a judgment declaring that he is the lawful owner of the property. In his answer to the complaint, Snell asserted a counterclaim against the plaintiff and a cross claim against Jennings for a judgment declaring that he is the lawful owner of the property. Jennings asserted a cross claim against Snell seeking to set aside the tax lien sale. After discovery was conducted, Snell moved for summary judgment and the plaintiff and Jennings separately cross-moved for summary judgment. The plaintiff contended that the notice sent to him did not satisfy the requirements of due process, and Jennings claimed

that he was entitled to actual notice, not merely constructive notice by publication. Rejecting the contentions of the plaintiff and Jennings, the Supreme Court granted Snell's motion and denied the cross motions. The plaintiff and Jennings appeal. We agree that the notice provided to the plaintiff satisfied due process requirements and that, under the circumstances, Jennings failed to demonstrate that actual notice to him was constitutionally required.

"Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of *any* party * * * if its name and address are reasonably ascertainable" (*Mennonite Bd. of Missions v Adams,* 462 US 791, 800 [emphasis in original]). Thus, actual notice of a tax lien sale must be provided to, among others, owners such as the plaintiff (*see Matter of McCann v Scaduto,* 71 NY2d 164; *Szal v Pearson,* 289 AD2d 562). Actual notice of the tax lien sale and his right to redeem was mailed to the plaintiff in November 1996 at the property address which, concededly, was one of the addresses he maintained at the time. A second notice advising him of the impending expiration of the redemption period was mailed to his last known address in Florida in October 1998. That notice to the plaintiff satisfied the requirements of due process (*see Matter of ISCA Enters. v City of New York,* 77 NY2d 688, 701-702, *cert denied* 503 US 906; *Matter of 380 Front St. No. 20 Corp. v County of Dutchess,* 264 AD2d 739). His contention that he was not given timely notice of his right to redeem is therefore without merit. The plaintiff contends that the Code provisions regarding notice do not satisfy constitutional requirements in that, inter alia, the Code does not provide for actual notice of redemption, but only constructive notice by publication. However, it is unnecessary for us to reach that issue, since in this case, the City did more than its Code requires. It provided the plaintiff with actual notice of both the tax lien sale and his right to redeem, which satisfied due process requirements. We also note that the plaintiff does not challenge the constitutionality of the Code in his complaint.

With respect to Jennings, he correctly contends that he has a protected property interest. However, he did not demonstrate that his interest was adversely affected by the proceedings such that actual notice would be required (*cf. Mennonite Bd. of Missions v Adams, supra* at 800). "[A] cause of action is a species of property protected by the Fourteenth Amendment's Due Process Clause" (*Logan v Zimmerman Brush Co.,* 455 US 422, 428; *see Tulsa Professional Collection Servs. v Pope,* 485 US

478, 485). Jennings has an unsatisfied judgment against North Star and a pending action to set aside the conveyance of the property from North Star to the plaintiff. Consequently, he has a property interest that is protected by the Fourteenth Amendment (*see Tulsa Professional Collection Servs. v Pope, supra* at 485), and his interest and identity were reasonably ascertainable from public records. Contrary to the contention of Snell and the City, Jennings' interest is not merely conjectural (*see Tulsa Professional Collection Servs. v Pope, supra* at 490; *compare Mullane v Central Hanover Bank & Trust Co.,* 339 US 306, 317-318).

However, because it appears that Jennings' interest may be adequately protected by the notice of pendency which he filed and he did not otherwise show a deprivation of property, he failed to demonstrate that his interest was adversely affected by the lack of notice (*see* CPLR 6501; *Grid Realty Corp. v Winokur,* 43 NY2d 956; *American Auto. Ins. Co. of St. Louis v Sansone,* 206 AD2d 445). Therefore, Jennings did not demonstrate that actual notice to him was constitutionally required.

Consequently, the Supreme Court properly granted Snell's motion and denied the cross motions of the plaintiff and Jennings. The Supreme Court also declared Snell to be the rightful owner of the premises free and clear of the plaintiff's claim and all cross claims arising out of the tax lien sale and deed issued to him. As noted by the Supreme Court, the issues in Jennings' fraudulent conveyance action are distinct from the issue of the propriety of the tax lien sale which was the subject of this action. Whether the outcome of the fraudulent conveyance action will ultimately affect Snell's title to the property has not yet been determined. Ritter, J.P., Altman, Adams and Crane, JJ., concur.