■ NYCTL 1998-1 Trust et al., Plaintiffs, v Prol Properties Corp., Respondent, and City of New York, Appellant, et al., Defendants. [795 NYS2d 96]—

In an action to foreclose a tax lien, the defendant City of New York appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 20, 2003, which denied its motion to vacate an amended judgment of the same court dated March 26, 2003, which is in favor of the defendant Prol Properties Corp. and against the defendant City of New York in the principal sum of $550,000.

Ordered that the order dated October 20, 2003, is reversed, on the law, with costs, the motion is granted, and the amended judgment is vacated.

The Supreme Court erred in denying the motion of the defendant City of New York to vacate an amended judgment on the ground that the City had appeared in the action. A party appears in an action by serving and filing a notice of appearance or an answer or by making a motion that serves to extend the time to answer (*see* CPLR 320). Here, the City took none of these steps. While it is true that a party which has not formally appeared may nonetheless be deemed to have appeared informally, and thus have conferred jurisdiction on the court despite its lack of a formal appearance, by actively litigating the merits of an issue without raising any jurisdictional objection (*see Matter of Roslyn B. v Alfred G.,* 222 AD2d 581 [1995]; *USF&G v Maggiore,* 299 AD2d 341 [2002]), the unique status of the City's Corporation Counsel in tax lien foreclosure proceedings precludes a determination on such basis here.

In the instant case the City sold to the plaintiff a tax lien levied upon real property owned by the defendant Prol Properties Corp. (hereinafter Prol). The Corporation Counsel is authorized to appear in a tax lien foreclosure proceeding on behalf of the purchaser of the tax lien where he "believes it to be in the interest of the city to do so" (Administrative Code of City of NY § 11-347). That the Corporation Counsel appeared on behalf of the plaintiff lienholder here, rather than on behalf of the City, was established by the fact that, as noted above, no formal appearance was entered on behalf of the City. Moreover, no appearance by the City was necessary since the motion by Prol which ultimately resulted in the judgment at issue sought no relief against the City and was never served on the City. The few misstatements in the Corporation Counsel's papers indicating that the Corporation Counsel was acting on behalf of the City were not sufficient to create an appearance by the City where none would otherwise exist.

These same facts required that the City's motion to vacate the judgment be granted. Pursuant to CPLR 5015 (a) (1), a judgment is properly vacated upon proof of a reasonable excuse for the default and a meritorious defense (*see Peacock v Kalikow,* 239 AD2d 188 [1997]). Here, the City established both. The City was initially named as a defendant in this proceeding in order to foreclose any liens it may have had other than the real property tax lien that had been purchased by the plaintiff. Since there were no such liens, its default was entirely understandable and appropriate. Because, as noted above, the motion by Prol that resulted in the judgment at issue sought no relief against the City and was never served upon it, the City's default was excusable.

The Supreme Court's subsequent determination that the City could be liable to Prol for the value of the property by reason of the City's claimed failure to serve a notice that the sale of the tax lien had occurred was both inconsistent with the record, which clearly established that the notice was duly given, and erroneous as a matter of law, since the failure to give such a notice is not a basis for a monetary judgment. Contrary to Prol's argument on appeal, the failure of the City to notify it that the sale of the tax lien occurred was not a de facto violation of its right to not be deprived of property without due process of law (*see DeVita v City of Poughkeepsie,* 296 AD2d 523, 525 [2002]). Prol has offered no other basis upon which a judgment could be entered.

Moreover, even if vacatur of the judgment was not appropriate pursuant to CPLR 5015 (a) (1), such relief should have been

granted pursuant to CPLR 5015 (a) (4). A court lacks jurisdiction to grant relief against a defaulting party where that relief is not requested in the moving papers (*see* CPLR 2214 [a]; *Lyon v Lyon,* 259 AD2d 525 [1999]). Here, Prol's motion sought only an order setting aside the sale, not a money judgment against the City. In the absence of proper notice to the City of any relief being requested against it, the Supreme Court was without jurisdiction to grant relief. The presence of the Corporation Counsel in his unique statutory capacity as the attorney for the plaintiff did not confer jurisdiction over the City that would not otherwise exist. Schmidt, J.P., Spolzino, Skelos and Lifson, JJ., concur.