MURIEL McGUIRE, Respondent, v RUTH McGUIRE, Appellant, et al., Defendants. [816 NYS2d 158]—

In an action, inter alia, for a judgment declaring the rights of the parties to the shares of a certain cooperative apartment, the defendant Ruth McGuire appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered March 29, 2005, which denied her motion, denominated as one for leave to reargue or renew, treated by the court as one for leave to reargue, but which was, in effect, to vacate so much of an order of the same court dated December 6, 2004, as, upon her default in opposing the plaintiff's motion, inter alia, for a preliminary injunction, in effect, awarded judgment as a matter of law in favor of the plaintiff and against her on the first cause of action

to the extent of declaring that the plaintiff is the owner of an undivided one-half interest in the subject cooperative apartment.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and so much of the order dated December 6, 2004, as, in effect, awarded judgment as a matter of law in favor of the plaintiff and against the defendant Ruth McGuire on the first cause of action to the extent of declaring that the plaintiff is the owner of an undivided one-half interest in the subject cooperative apartment is vacated.

The plaintiff, Muriel McGuire, commenced this action against her sister, the defendant Ruth McGuire (hereinafter the defendant), among others, to determine the rights of the parties with respect to the shares of a certain cooperative apartment located in Mount Kisco. Coincident with the commencement of the action, the plaintiff moved, inter alia, pursuant to CPLR article 63 for a preliminary injunction precluding the defendant from selling, transferring, conveying, disposing of, assigning, or encumbering the subject apartment during the pendency of the action. The defendant did not oppose the relief sought.

By order dated December 6, 2004, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for a preliminary injunction. Noting that "the books and records of [the defendant Stewart Heights Corp.] clearly indicate and reflect that both sisters remain as co-owners of the cooperative apartment," the court declared, sua sponte, that "all issues as to ownership of the cooperative have been resolved" and, on that ground, determined that the plaintiff's request for a preliminary injunction was "moot."

The defendant later filed a motion denominated as one for leave to reargue or renew the plaintiff's prior motion. She sought only to vacate so much of the order dated December 6, 2004, as, in effect, found that the issue of ownership had been resolved and declared that both sisters were co-owners of the subject apartment. The Supreme Court, treating the motion as one for leave to reargue, denied it as procedurally barred pursuant to CPLR 2221 (d) (see Matter of Kurth v Susskind, 200 AD2d 572, 573-574 [1994]). The defendant appeals. We reverse.

The order dated December 6, 2004 clearly went beyond the injunctive relief sought by the plaintiff. In effect, the court, sua sponte, declared that the plaintiff held an undivided one-half interest in the subject apartment and thus, in effect, awarded judgment as a matter of law to the plaintiff on the first cause of action to the extent of declaring that the plaintiff is the owner of an undivided one-half interest in the subject cooperative

apartment. It is well settled, however, that "[a] court lacks jurisdiction to grant relief against a defaulting party where that relief is not requested in the moving papers" (*NYCTL 1998-1 Trust v Prol Props. Corp.*, 18 AD3d 525, 527 [2005]; *see* CPLR 2214 [a]). Inasmuch as the defendant's motion concerned only so much of the order dated December 6, 2004, as had granted relief beyond what the plaintiff specifically asked for in her moving papers, it was neither a motion to "reargue" or "renew" pursuant to CPLR 2221, nor was it technically a motion to open a "default" pursuant to CPLR 5015 (a) (1). Rather, the true nature of the defendant's motion was for vacatur pursuant to CPLR 5015 (a) (4). Moreover, as the court granted relief that the plaintiff did not ask for her in moving papers, the defendant's motion was meritorious and should have been granted (*see NYCTL 1998-1 Trust v Prol Props. Corp., supra*).

We decline the plaintiff's request to award costs and an attorney's fee pursuant to 22 NYCRR 130-1.1.

In light of our determination, we express no view on the merits of the plaintiff's first cause of action. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.