■ STEVEN H. KURLANDER et al., Respondents, v DEVON WILLIE, Appellant. JAMES CARNELL, JR. et al., Respondents. [845 NYS2d 180]—

Carpinello, J. Appeal from an order of the Supreme Court (Sackett, J.), entered October 26, 2006 in Sullivan County, which, among other things, denied defendant's motion to vacate a default judgment of foreclosure and sale.

Plaintiffs commenced the instant mortgage foreclosure action in May 2001 and personally served the summons and complaint on defendant at his residence. In July 2001, defendant went to the office of plaintiffs' attorney and paid the unpaid principal

balance on the loan. He obtained a receipt marked "paid in full." Notwithstanding, it is alleged that defendant was orally informed at this time that the payment was for principal only. Thereafter, plaintiffs' attorney wrote several letters to defendant explaining that interest on the recently-paid principal was still due and owing and that, in the event of nonpayment, the foreclosure action would continue. Defendant never filed an answer to the complaint and, ultimately, in June 2005, plaintiffs obtained a default judgment of foreclosure and sale.

In July 2006, after the property had been sold at public auction, defendant obtained an order to show cause seeking vacatur of the judgment claiming, among other things, that he had never been served, that he was nevertheless not in default and that any claimed default was excusable and he had a meritorious defense. Supreme Court declined to vacate the judgment. Defendant appeals, and we now affirm.

With respect to the issue of service, the record contains an affidavit of personal service which alone constitutes prima facie evidence of proper service (*see U.S. Bank Natl. Assn. v Vanvliet*, 24 AD3d 906, 907-908 [2005]). In support of his application, defendant alleges simply that he has "no recollection" of having been so served. This vague allegation does not constitute the requisite "detailed and specific contradiction of the allegations in the process server's affidavit" sufficient to create a question of fact on this issue (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 344 [2003]). To the extent that defendant argues that his payment of the unpaid principal balance constituted an "informal appearance" in the action such that he was entitled to notice of all subsequent proceedings, we are unpersuaded. While courts have recognized the concept of "informal appearance," such cases have uniformly required meaningful participation in the merits of the case as the basis for same (*see e.g. USF&G v Maggiore*, 299 AD2d 341, 342-343 [2002]). Defendant's mere act of payment cannot be construed as a substantive appearance in the action entitling him to notice of all further proceedings (*see Olympia Mtge. Corp. v Ramirez*, 9 AD3d 401 [2004]).

Having found no error in Supreme Court's determination that defendant was properly served and that he failed to appear in the action, we next address whether Supreme Court erred in finding that his default was not excusable (*see* CPLR 5015 [a] [1]). The reasonableness of a proffered excuse for a default is a matter within the discretion of the trial court (*see Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]). Here, we are unable to conclude that Supreme Court abused its discretion in reject-

ing defendant's excuse. Even assuming that there was some confusion on defendant's part as to whether his payment in July 2001 fully satisfied his obligation on the mortgage, the letters sent by plaintiffs' attorney in the ensuing months were unequivocal in their demand for unpaid interest. Moreover, they were mailed to defendant's residence at a time when a valid order was on file for the forwarding of all his mail to a particular post office box he had obtained. Regarding his purported nonreceipt of these letters, he merely alleges that he has "no knowledge" of whether he received same.

We have considered defendant's remaining arguments challenging Supreme Court's order and find them to be without merit.

Cardona, P.J., Mercure, Crew III and Kane, JJ., concur. Ordered that the order is affirmed, with costs.