Carpinello, J.
Appeal from an order of the County Court of Ulster County (Work, J.), entered June 20, 2007, which affirmed an order of the City Court of the City of Kingston denying defendant’s motion to vacate a default judgment entered against him.
Plaintiff commenced this small claims action in 1992 for moneys due on an account stated. Many delays thereafter occurred in the case, only some of which are explained in the record now before this Court. Suffice it to say, the case languished for five years following a May 1993 decision denying plaintiff summary judgment and then languished further for another seven years following an April 1998 letter from the City Court Clerk indicating that it was being referred to arbitration. For unknown reasons, the case was never actually referred to arbitration and apparently neither party made any attempt to follow up on it for some years. Ultimately, in 2005, plaintiffs assignee took steps to resurrect it.
By letter dated July 18, 2005, City Court advised attorneys for both parties that the case was being set down for a September 13, 2005 pretrial conference and that any “Change *1077 of Attorneys should be brought up to date.” Defendant’s attorney of record appeared at the conference without defendant. What actually transpired at this untranscribed conference is somewhat in dispute. According to defendant’s attorney, he informed City Court at the conference that he no longer represented defendant. According to plaintiffs attorney, defense counsel merely indicated that he had “not spoken with his client in several years” and was considering making a motion to dismiss the action given the passage of time.*
Despite any discrepancy in what transpired at that conference, it remains undisputed that no formal motion to be relieved as counsel was made at any time. It also remains undisputed that, at that conference, City Court set the matter down for a December 6, 2005 trial and then followed up with a written confirmation to the attorneys for both parties. At no time did defendant’s attorney take any steps to be relieved as counsel, dismiss the action or adjourn the trial. When neither defendant nor his attorney appeared at the scheduled trial, it proceeded in their absence.
One day later, a proposed judgment was submitted to City Court on notice to defendant’s attorney. No objection was raised. Six weeks later, again on notice to defendant’s attorney, plaintiffs attorney requested City Court to sign and enter the default judgment. In this letter, plaintiff’s counsel confirmed that “[tjhere has been no objection or other response from the defendant.” The signed and entered judgment was then served on both defendant and his attorney. Eight months later, defendant’s attorney moved to vacate the default judgment. Finding no reasonable excuse for the default, City Court denied the motion. On appeal, County Court affirmed, agreeing that defendant failed to provide a reasonable excuse for the default and adding that he also failed to demonstrate a meritorious defense. Defendant now appeals pro se.
A motion to vacate a default judgment may be granted where there is a reasonable excuse for the default and a meritorious defense (see CPLR 5015 [a] [1]; see e.g. Matter of Womack v Rosario, 50 AD3d 1212, 1213 [2008]; Kurlander v Willie, 45 AD3d 1006, 1007 [2007]). Moreover, the decision to vacate a default judgment is addressed to the sound discretion of the court (see e.g. Kurlander v Willie, 45 AD3d at 1007; Busone v Bellevue Maternity Hosp., 266 AD2d 665, 667 [1999]). Here, no explanation was given by defendant’s attorney for the failure to *1078 appear at the scheduled trial despite notice of same. Nor was any explanation given for the subsequent failure to object to the proposed judgment prior to its entry. We are therefore unable to conclude that County Court abused its discretion in affirming the decision to deny the motion on the ground that defendant failed to establish a reasonable excuse for the default (see CPLR 5015 [a] [1]; Kurlander v Willie, 45 AD3d at 1007; Kranenburg v Butwell, 34 AD3d 1005, 1006 [2006]). In any event, even assuming that defense counsel’s claimed disavowment of continued representation of defendant somehow justified his failure to act and thus provided a reasonable excuse for the default, no proof of a meritorious defense was offered in support of the motion thereby providing an alternative ground upon which to deny it (cf. Wade v Village of Whitehall, 46 AD3d 1302 [2007]).
This Court, however, has “inherent power to review issues addressed to the excessiveness or appropriateness of awards granted upon default” (Guariglia v Price Chopper Operating Co., Inc., 13 AD3d 1028, 1030 [2004]; see Quigley v Coco’s Water Café, Inc., 43 AD3d 1132, 1133 [2007]; Neuman v Greenblatt, 260 AD2d 616, 617 [1999]; Cervino v Konsker, 91 AD2d 249, 252-253 [1983], appeal dismissed 59 NY2d 761 [1983]). In reviewing the issue here, we find that the imposition of interest for the 12 years of unexplained inactivity is excessive and inappropriate under these unique circumstances. Thus, the judgment must be reduced accordingly.
Mercure, J.E, Spain, Kane and Kavanagh, JJ., concur. Ordered that the order is modified, on the facts, without costs, by vacating the interest awarded on the judgment; matter remitted to the County Court of Ulster County for recalculation of interest; and, as so modified, affirmed.

 Not insignificantly, according to City Court, its “notes [from the conference] indicate that [defendant's attorney indicated he might be making a motion to dismiss.”