■ CORA E. WHITESIDE, as Administratrix of the Estate of ERIC JEMISON WHITESIDE, Deceased, Respondent, v RONALD A. MANFREDI, M.D., Defendant, and ST. VINCENT CATHOLIC MEDICAL CENTER, Appellant. [18 NYS3d 404]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendant St. Vincent Catholic Medical Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (McMahon, J.), dated February 16, 2010, as denied its motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant St. Vincent Catholic Medical Center pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned is granted.

In January 2006, the plaintiff commenced this action, inter alia, to recover damages for wrongful death based upon medical malpractice, alleging, among other things, that the defendant Ronald A. Manfredi was negligent in placing a catheter into the decedent's chest, thereby injuring the decedent, and

resulting in his death on April 15, 2005. In a letter dated January 23, 2006, counsel for the defendant St. Vincent Catholic Medical Center (hereinafter the hospital) indicated that it represented the hospital, and advised the plaintiff's attorney that the hospital had filed for Chapter 11 bankruptcy protection on July 5, 2005, and thus an automatic stay was in place. Enclosed with the letter was a notice of bankruptcy. The hospital emerged from bankruptcy in or around August or September 2007. In October 2009, the hospital moved pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff "fail[ed] to take proceedings for the entry of judgment within one year" (CPLR 3215 [c]) after the hospital had failed to appear or answer. In the order appealed from, the Supreme Court, inter alia, denied the hospital's motion. We reverse insofar as appealed from.

Contrary to the Supreme Court's determination, the letter dated January 23, 2006, and the accompanying notice of bankruptcy did not constitute an informal appearance by the hospital. The hospital merely advised the plaintiff's counsel that an automatic stay was in effect as a result of the filing of a bankruptcy petition, and did not seek to actively litigate the merits of the action (see Kurlander v Willie, 45 AD3d 1006, 1007 [2007]; NYCTL 1998-1 Trust v Prol Props. Corp., 18 AD3d 525, 525 [2005]; cf. Matter of Sessa v Board of Assessors of Town of N. Elba, 46 AD3d 1163, 1166 [2007]). Therefore, the hospital did not appear in the action and was in default.

To avoid dismissal of the complaint as abandoned, the plaintiff was required to demonstrate both a reasonable excuse for her delay in timely moving for a default judgment, and the existence of a potentially meritorious cause of action (see Ohio Sav. Bank v Decaudin, 129 AD3d 925, 926 [2015]; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750 [2014]; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2011]; Butindaro v Grinberg, 57 AD3d 932, 932 [2008]). "Although the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (Butindaro v Grinberg, 57 AD3d at 932; see Staples v Jeff Hunt Devs., Inc., 56 AD3d 459, 460 [2008]). Here, the plaintiff failed to offer a reasonable excuse for her delay of more than two years in seeking a default judgment after the hospital failed to appear or answer the complaint. Accordingly, the Supreme Court should have granted the hospital's motion pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as

abandoned (*see Ohio Sav. Bank v Decaudin*, 129 AD3d at 926). Eng, P.J., Chambers, Roman and Barros, JJ., concur.