Family Foot Center, Respondent, April 6, 2016
against
Pamela Gioeli, Appellant, -and- Marco Gioeli, Defendant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered September 9, 2014. The order denied a motion by defendant Pamela Gioeli (1) to vacate a prior order of the same court entered April 28, 2014 (Richard G. Latin, J.) which had granted plaintiff's unopposed motion to vacate a prior order of the same court (William A. Viscovich, J.) dated May 20, 2013 dismissing the complaint and to restore the action to the trial calendar; and (2) to dismiss so much of the complaint as was asserted against her.




ORDERED that so much of the appeal as is from the portion of the order entered September 9, 2014 that denied the branch of the motion by defendant Pamela Gioeli seeking to vacate the prior order entered April 28, 2014 is dismissed as moot in light of our determination of the remainder of the appeal; and it is further,
ORDERED that the order entered September 9, 2014, insofar as reviewed, is reversed, without costs, and the branch of the motion by defendant Pamela Gioeli seeking to dismiss so much of the complaint as was asserted against her is granted; and it is further,
ORDERED that the Clerk of the Civil Court shall amend the caption to reflect defendants' correct names as "Pamela Gioeli" and "Marco Gioeli."
By summons and verified complaint filed February 3, 2010, plaintiff commenced this action to recover the sum of $15,447.91, the balance allegedly due for podiatric services rendered to defendants Pamela Gioeli and Marco Gioeli. Neither defendant appeared or answered. Over three years later, on March 26, 2013, plaintiff filed a notice of trial which contained several erroneous statements, including a statement that the summons had been served on "April 9, 2010" and that issue had been joined on "February 19, 2010."[FN1]
A bench trial was apparently [*2]scheduled for May 20, 2013. As none of the parties appeared, the action was dismissed on that date. On April 1, 2014, plaintiff moved to vacate the "dismissal marking" and to restore the matter to the "arbitration [sic] calendar." In an order entered April 28, 2014, the Civil Court (Richard G. Latin, J.) granted plaintiff's unopposed motion. 

Thereafter, defendant Pamela Gioeli moved to vacate the April 28, 2014 order and to dismiss the complaint insofar as asserted against her due to plaintiff's failure to timely move for a default judgment pursuant to CPLR 3215 (c). Plaintiff opposed the motion. In an order entered September 9, 2014, from which Ms. Gioeli appeals, the Civil Court denied Ms. Gioeli's motion in its entirety. 

When a plaintiff fails to seek leave to enter a default judgment within one year after the default has occurred, the action is deemed abandoned "unless sufficient cause is shown why the complaint should not be dismissed" (CPLR 3215 [c]). In order to avoid the dismissal of the complaint insofar as asserted against Ms. Gioeli, plaintiff was required to demonstrate both a reasonable excuse for its delay in seeking the entry of a default judgment, and the existence of a potentially meritorious cause of action (see Whiteside v Ronald A. Manfredi, 132 AD3d 851 [2015]; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749 [2104]; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308 [2011]). As plaintiff failed to set forth anywhere in the record a reasonable excuse for its failure to enter a default judgment against Ms. Gioeli within a year after her default, the Civil Court should have granted the branch of Ms. Gioeli's motion seeking to dismiss so much of the complaint as was asserted against her.

In view of the foregoing, we need not reach the branch of Ms. Gioeli's motion which sought to vacate the April 28, 2014 order, and so much of the appeal as is from the portion of the September 9, 2014 order denying that branch of her motion is moot.

Accordingly, so much of the appeal as is from the portion of the September 9, 2014 order that denied the branch of the motion by defendant Pamela Gioeli seeking to vacate the prior order entered April 28, 2014 is dismissed as moot, the September 9, 2014 order, insofar as reviewed, is reversed, and the branch of the motion by defendant Pamela Gioeli seeking to dismiss so much of the complaint as was asserted against her is granted.

As the record indicates that defendants' correct names are Pamela Gioeli and Marco Gioeli, rather than Pamela Gideli and Marco Gideli as stated in the summons and complaint, the Clerk of the Civil Court, or his or her designee, is directed to amend the caption to reflect defendants' correct names (see CPLR 5019 [a]), and we have amended the caption of the appeal accordingly.

Pesce, P.J., Weston and Aliotta, JJ., concur.

Decision Date: April 06, 2016



Footnotes

Footnote 1:Plaintiff has conceded, in its brief, that no answer was ever interposed on behalf of defendants.