Clark Stores, Inc., Appellant, 
against
Young Girl 15, LLC, Doing Business as BEVERLY BOUTIQUE, Respondent, -and- EXPO 2000 OF KINGS HIGHWAY, INC., Undertenant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Terence C. O'Connor, J.), entered January 6, 2015. The order denied the branch of landlord's motion seeking to vacate so much of a prior order of the same court entered November 6, 2014 as, upon granting, on default, a motion by tenant and subtenant to dismiss the petition based on a defect in the service of the predicate rent notice, provided that the dismissal was with prejudice, and as sua sponte awarded tenant and undertenant attorney's fees of $500.




ORDERED that the order entered January 6, 2015 is reversed, without costs, the branch of landlord's motion seeking to vacate so much of the prior order entered November 6, 2014 as, upon granting, on default, the motion by tenant and subtenant to dismiss the petition based on a defect in the service of the predicate rent notice, provided that the dismissal was with prejudice, and as sua sponte awarded tenant and undertenant attorney's fees of $500, is granted and those provisions of the November 6, 2014 order are vacated.
It was error for the Civil Court, upon landlord's default in opposing a motion by tenant and subtenant to dismiss the petition based on a defect in the service of the three-day notice underlying this commercial nonpayment proceeding, to sua sponte grant attorney's fees not sought in the motion and to provide that the dismissal of the petition was with prejudice, since a court lacks jurisdiction to grant relief, against a party defaulting in opposing a motion, beyond that which is requested in the moving papers (see McGuire v McGuire, 29 AD3d 963 [2006]; NYCTL 1998-1 Trust v Prol Props. Corp., 18 AD3d 525 [2005]). To the extent that it may be argued that the Civil Court granted attorney's fees pursuant to part 130 of the Rules of the Chief Administrator of the Courts (22 NYCRR), the award was improper, as landlord was not provided with a reasonable opportunity to be heard on the issue as required by Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (d) (see Maroney v Maroney, 208 AD2d 915 [*2][1994]). In any event, we find no basis in the record to justify such an award.
We note that the Civil Court failed to determine the branch of landlord's motion seeking to have Judge O'Connor permanently recuse himself from any case involving the law firms of Jack L. Glasser, P.C. and Glasser & McGuire, LLC, and, thus, that branch of landlord's motion remains pending and undecided (see Creese v Long Is. Light. Co., 98 AD3d 708, 711 [2012]; Katz v Katz, 68 AD2d 536 [1979]; W.W. Med., P.C. v Allstate Ins. Co., 41 Misc 3d 130[A], 2013 NY Slip Op 51743[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; City Dental Servs., P.C. v Country Wide Ins. Co., 39 Misc 3d 131[A], 2013 NY Slip Op 50474[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Accordingly, the order entered January 6, 2015 is reversed, the branch of landlord's motion seeking to vacate so much of the prior order entered November 6, 2014 as, upon granting, on default, the motion by tenant and subtenant to dismiss the petition based on a defect in the service of the predicate rent notice, provided that the dismissal was with prejudice, and as sua sponte awarded tenant and undertenant attorney's fees of $500, is granted and those provisions of the November 6, 2014 order are vacated.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: June 15, 2016