Preferred Group of Manhattan, Inc. v City of Poughkeepsie (2018 NY Slip Op 08047)





Preferred Group of Manhattan, Inc. v City of Poughkeepsie


2018 NY Slip Op 08047


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2016-09456
 (Index No. 52244/15)

[*1]Preferred Group of Manhattan, Inc., appellant,
v
City of Poughkeepsie, et al., respondents.


Teahan & Constantino LLP, Poughkeepsie, NY (Richard I. Cantor of counsel), for appellant.
Paul Ackermann, Corporation Counsel, Poughkeepsie, NY, for respondent City of Poughkeepsie.
Corbally, Gartland and Rappleyea, LLP, Poughkeepsie, NY (Karen E. Hagstrom of counsel), for respondents 341 East, LLC, Mark Delacorte, Union 201, LLC, and 35 Main 12601, LLC.



DECISION & ORDER
In an action, inter alia, to set aside a tax lien sale and certain tax deeds issued thereafter and for related declaratory and equitable relief, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated August 26, 2016. The order granted the motion of the defendant City of Poughkeepsie for summary judgment with respect to the amended complaint insofar as asserted against it and denied those branches of the plaintiff's cross motion which were for summary judgment on the first, second, and third causes of action, and for severance of the fourth cause of action.
ORDERED that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the subject 2013 tax lien sale and the subject 2015 tax deeds are valid and enforceable against the plaintiff.
The plaintiff commenced this action against the City of Poughkeepsie and the other defendants to set aside a tax lien sale conducted in December 2013, and to invalidate two tax deeds issued in December 2015 after the plaintiff failed to redeem the property within the two-year deadline. The plaintiff sought, inter alia, a judgment declaring that the subject 2013 tax lien sale and the subject 2015 tax deeds were invalid and unenforceable against it. After the City moved to dismiss the amended complaint insofar as asserted against it, the plaintiff cross-moved, inter alia, for summary judgment on the first, second, and third causes of action, and for severance of the fourth cause of action. By order dated July 19, 2016, the Supreme Court, inter alia, converted the City's motion to one for summary judgment pursuant to CPLR 3211(c) and directed all parties to supplement their respective positions. On August 26, 2016, the Supreme Court granted the City's [*2]motion for summary judgment with respect to the amended complaint insofar as asserted against it and denied those branches of the plaintiff's cross motion which were for summary judgment on the first, second, and third causes of action, and for severance of the fourth cause of action. The plaintiff appeals from the order dated August 26, 2016. We affirm.
" An elementary and fundamental requirement of due process in any proceeding which is accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'" (Matter of 149 Glen St. Corp. v Jefferson, 140 AD3d 742, 742, quoting Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314).
Under the circumstances presented here, including the fact that the plaintiff concedes the constitutional sufficiency of the notice it received of the 2013 tax lien sale and of the subsequent transfer of the property in December 2015 and does not otherwise allege any material defect that would inure to its benefit—for instance, that the amount of taxes assessed was incorrect, that the tax had already been paid, or that the subject property was exempt from taxes (cf. RPTL 1130; Land v County of Ulster, 84 NY2d 613, 616; D & Z Holding Corp. v City of N.Y. Dept. of Fin., 179 AD2d 796, 797)—its contention that the City failed to afford it due process is without merit (see Sheehan v County of Suffolk, 67 NY2d 52, 59). Therefore, we agree with the Supreme Court's determination that the City had afforded the plaintiff all the process that was due.
We also agree with the Supreme Court's conclusion that the tax enforcement procedures set forth in Real Property Tax Law article 11 had no application here, since the City validly opted out of those procedures by enacting Local Law No. 4-1994 of the City of Poughkeepsie (see RPTL 1104[2]; Local Law No. 4-1994 of the City of Poughkeepsie, §§ 1, 2). Contrary to the plaintiff's contention, the City did not repeal the opt-out provision contained in Local Law No. 4-1994 when it promulgated its new Charter and Administrative Code in 1996 (see Charter of the City of Poughkeepsie [1996] §§ 8.01, 9.01). Rather, the City simply incorporated the opt-out provision into the new Administrative Code (see City of Poughkeepsie Administrative Code § 14.06; cf. DeVita v City of Poughkeepsie, 296 AD2d 523, 524).
The plaintiff's remaining contentions are either without merit or academic.
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Dutchess County, for the entry of a judgment, inter alia, declaring that the subject 2013 tax lien sale and the subject 2015 tax deeds are valid and enforceable against the plaintiff (see Lanza v Wagner, 11 NY2d 317).
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court