Deutsche Bank Natl. Trust Co. v Iovino (2019 NY Slip Op 02850)





Deutsche Bank Natl. Trust Co. v Iovino


2019 NY Slip Op 02850


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-07338
 (Index No. 3282/11)

[*1]Deutsche Bank National Trust Company, respondent,
v
Madeline Iovino, etc., et al., appellants, et al., defendants.


Madeline Iovino and Peter Iovino, Mahopac, NY, appellants pro se.
McCabe, Weisberg & Conway, P.C. (Greenberg Traurig, LLP, New York, NY [Shan P. Massand and Leah Jacob], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Madeline Iovino and Peter Iovino appeal from a judgment of foreclosure and sale of the Supreme Court, Putnam County (Paul I. Marx, J.), entered June 28, 2017. The judgment of foreclosure and sale, upon an order of the same court dated May 26, 2016, inter alia, granting that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Madeline Iovino and Peter Iovino and for an order of reference, and denying the cross motion of those defendants pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, for leave to serve an answer, and upon an order of reference of the same court, also dated May 26, 2016, among other things, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants Madeline Iovino and Peter Iovino and for an order of reference is denied, that branch of the cross motion of those defendants which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned is granted, the order dated May 26, 2016, is modified accordingly, and the order of reference dated May 26, 2016, is vacated.
In 2005, the defendants Madeline Iovino and Peter Iovino (hereinafter together the defendants) executed a note in favor of IndyMac Bank, F.S.B., which was secured by a mortgage on certain property they owned in Mahopac. In November 2011, the plaintiff, as the current holder of the note, commenced this action to foreclose the mortgage. The defendants failed to answer the complaint or appear in the action. In April 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants opposed the motion and cross-moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned or, in the alternative, for leave to serve an answer. In an order dated May 26, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants and for an order of reference, and denied the defendants' cross motion. The court issued an order of reference, also dated May 26, 2016. On June 28, 2017, a judgment of foreclosure and sale was entered, inter alia, directing the sale of the subject property. The defendants appeal.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751). " Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,' which requires the plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d at 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the affidavits of service showing that the defendants were served pursuant to CPLR 308(2) were filed with the Putnam County Clerk on December 21, 2011, and the defendants defaulted by failing to serve an answer within 30 days (see CPLR 308[2]; 320[a]; Friedman v Ostreicher, 22 AD3d 798, 799). However, the plaintiff took no steps to initiate proceedings for the entry of a default judgment until April 2015. The fact that the case was in the mandatory settlement conference part (see 22 NYCRR 202.12a[c][7]) beginning in March 2012 did not constitute a reasonable excuse for the plaintiff's protracted delay, as the record reflects that at the conclusion of the settlement conference on March 27, 2013, the plaintiff was authorized to proceed with the prosecution of this action, more than two years before the plaintiff initiated proceedings in April 2015 for the entry of a default judgment (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 846; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852). Furthermore, although the defendant Peter Iovino filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code (11 USC § 701 et seq.) in March 2013, thereby triggering an automatic stay of the foreclosure action (see 11 USC § 362[a]; Nationstar Mtge., LLC v Turcotte, 161 AD3d 1090, 1090-1091), the United States Bankruptcy Court for the District of Connecticut issued an order dated April 11, 2013, granting the plaintiff's motion for relief from the stay and permitting the plaintiff to continue prosecution of the foreclosure action. In any event, the defendant Peter Iovino was discharged from bankruptcy on June 26, 2013. The plaintiff failed to set forth any reasonable excuse for its approximately two-year delay in initiating proceedings for the entry of a default judgment after the granting of its motion for relief from the automatic stay, or following the bankruptcy discharge (see Whiteside v Manfredi, 132 AD3d 851, 852).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendants and for an order of reference, and granted that branch of the defendants' cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned.
In light of our determination, we need not reach the parties' remaining contentions.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court