Citimortgage, Inc. v Pena
2026 NY Slip Op 03940
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Citimortgage, Inc., respondent,
v
Roberto Pena, et al., defendants, Ana M. Molina, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-03022, (Index No. 702945/22)
Mark C. Dillon, J.P.
William G. Ford
Laurence L. Love
James P. McCormack, JJ.

David J. Broderick, LLC, Forest Hills, NY, for appellant.
David A. Gallo & Associates LLP, Manhasset, NY (Robert M. Link of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ana M. Molina appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated January 28, 2025. The order denied that defendant's motion pursuant to CPLR 5015(a) to vacate so much of an order of the same court dated August 17, 2016, as, sua sponte, granted leave to enter a default judgment against her, and an order and judgment of foreclosure and sale (one paper) of the same court dated April 1, 2019, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order dated January 28, 2025, is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Ana M. Molina which was pursuant to CPLR 5015(a) to vacate so much of the order dated August 17, 2016, as, sua sponte, granted leave to enter a default judgment against her, and the order and judgment of foreclosure and sale, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 28, 2025, is affirmed, with costs to the defendant Ana M. Molina.
The plaintiff commenced this action against the defendants Roberto Pena and Ana M. Molina, among others, to foreclose a mortgage on certain real property. Pena answered the complaint; Molina did not. Thereafter, the plaintiff moved "pursuant to CPLR 3211 and 3212 dismissing with prejudice the Verified Answer of Defendant, Roberto Pena." The notice of motion did not mention Molina or any other defendant. In an order dated August 17, 2016, the Supreme Court, inter alia, granted the plaintiff summary judgment on the complaint insofar as asserted against Pena, sua sponte, granted leave to enter a default judgment against "[a]ll non-appearing and/or non-answering defendants, including Ana M. Molina," and appointed a referee to ascertain and compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale dated April 1, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the report, and directed the sale of the subject property.
Molina moved, among other things, pursuant to CPLR 5015(a)(4) to vacate so much of the order dated August 17, 2016, as, sua sponte, granted leave to enter a default judgment against her, and the order and judgment of foreclosure and sale, based on alleged jurisdictional defects and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. [*2]In an order dated January 28, 2025, the Supreme Court denied Molina's motion. Molina appeals.
"Pursuant to CPLR 5015(a)(4), '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of . . . lack of jurisdiction to render the judgment or order'" (Blue Lagoon, LLC v Reisman, 214 AD3d 938, 940).
"Among the statutory requirements [set forth in CPLR 2214(a) and (b)] is that notices of motion set forth 'the relief demanded and the grounds therefor.' The failure to give a party proper notice of a motion deprives the court of jurisdiction to entertain the motion and renders a resulting order void" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 123 [citations omitted]; see Citimortgage, Inc. v Reese, 162 AD3d 847, 848). In other words, "[a] court lacks jurisdiction to grant relief against a defaulting party where that relief is not requested in the moving papers" (NYCTL 1998-1 Trust v Prol Props. Corp., 18 AD3d 525, 527).
Here, since the plaintiff did not move for leave to enter a default judgment against Molina, the Supreme Court should not have, sua sponte, granted that relief (see Globalized Realty Group, LLC v Crossroad Realty NY, LLC, 239 AD3d 950, 952). As the court lacked jurisdiction to grant such relief (see NYCTL 1998-1 Trust v Prol Props. Corp., 18 AD3d at 527), so much of the order dated August 17, 2016, as, sua sponte, granted leave to enter a default judgment against Molina was rendered void (see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d at 123; Citimortgage, Inc., v Reese, 162 AD3d at 848), "'warranting vacatur pursuant to CPLR 5015(a)(4)'" (Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d 872, 876, quoting Blue Lagoon, LLC v Reisman, 214 AD3d at 940). As to the court's reliance on the language in the notice of motion seeking "such other and further relief that this Court deems just and proper," this Court has explicitly held that courts may not "rely upon general relief clauses in noticed motions—'for such other and further relief the court deems just and proper'—to justify the sua sponte [granting of dispositive relief]" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d at 124).
Accordingly, the Supreme Court should have granted that branch of Molina's motion which was pursuant to CPLR 5015(a)(4) to vacate so much of the order dated August 17, 2016, as, sua sponte, granted leave to enter a default judgment against Molina, and the order and judgment of foreclosure and sale, "on the ground that she was not provided with proper notice that a default judgment could be entered against her" (Deutsche Bank Natl. Trust Co. v O'Connor, 223 AD3d at 876). In light of the lack of notice in the notice of motion itself, it is immaterial whether the attorney who was served with such notice was, or was not, Molina's attorney.
Molina's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we modify the order appealed from.
DILLON, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court