■ ROBERT S. WEININGER, Respondent, v DORIS L. SASSOWER, Appellant. [612 NYS2d 249] —In an action to recover damages for legal services rendered pursuant to a retainer agreement, the defendant appeals from a resettled order of the Supreme Court, Westchester County (Burrows, J.), entered February 5, 1992, which, *inter alia,* denied her motion to vacate a default judgment.

Ordered that the resettled order is affirmed, with costs.

On March 2, 1990, a process server delivered the plaintiff's summons and complaint to a person of suitable age and discretion at the defendant's residence. Subsequently, on March 6, 1990, the process server mailed a copy of the

summons and complaint to the defendant at her last known residence. Although required to file a copy of proof of service with the clerk within 20 days thereafter *(see,* CPLR 308 [2]), the plaintiff did not file proof of service until May 9, 1990. The plaintiff subsequently moved, *inter alia,* to have the late service deemed timely, and in an order dated August 28, 1990, the Supreme Court granted the motion. The defendant failed to answer or to otherwise appear in the action, and on October 26, 1990, a default judgment was granted in favor of the plaintiff. The defendant currently appeals from a resettled order which, *inter alia,* denied her application to vacate the default judgment.

We reject the defendant's contention that the plaintiff's failure to file proof of service within 20 days constituted a jurisdictional defect which thereafter vitiated her obligation to answer the complaint. While we agree that a court cannot invoke the device of nunc pro tunc to effectively grant a default judgment retroactively *(see, Rosato v Ricciardi,* 174 AD2d 937; *cf., Guarantee Trust & Safe Deposit Co. v Philadelphia, Reading & New England R. R. Co.,* 160 NY 1), the Supreme Court in this case acted properly and with legal authority insofar as it excused the late filing of proof of service *(see,* CPLR 2001, 2004), since the untimely filing constituted a mere irregularity *(see generally, Rosato v Ricciardi, supra; McCormack v Gomez,* 137 AD2d 504). Accordingly, under CPLR 308 (2), service was complete 10 days after the late filing, namely May 19, 1990, and the defendant's time within which to appear and answer commenced running on that date *(see,* CPLR 320 [a]). Since the defendant never served an answer or otherwise appeared in the action, the Supreme Court clearly had jurisdiction to grant a default judgment in favor of the plaintiff on October 26, 1990.

We find the defendant's remaining contentions to be either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.