■ NIGHAT PARACHA et al., Appellants-Respondents, v COUNTY OF NASSAU, Defendant, and DELROY G. GOLDSON, Respondent-Appellant. [643 NYS2d 637]

According to the affidavit of service, the respondent Delroy G. Goldson was served with process pursuant to CPLR 308 (2) on September 19, 1990. On that day, a copy of the summons was delivered to a person "of suitable age and discretion", and another copy was mailed to the respondent's "last known residence".

On October 21, 1992, the respondent moved to dismiss the action, alleging that he had defaulted in appearing as of October 19, 1990, and that the plaintiffs' failure to enter a default judgment within one year of that time warranted dismissal of the action against him (*see,* CPLR 3215 [c]). The plaintiffs cross-moved for leave to file proof of service of the summons "nunc pro tunc". The Supreme Court granted the motion and denied the cross motion. We disagree.

Generally, actions which have been otherwise properly commenced by service (*cf.,* L 1992, ch 216 [commencement-by-filing]) "cannot thereafter be defeated simply by reason of a belated filing of proof of service" (*Lancaster v Kindor,* 98 AD2d 300, 306, *affd* 65 NY2d 804). In such actions, a court may extend the period of time within which the proof of service (*see,* CPLR 308 [2]) may be filed, in the absence of prejudice (*see,* CPLR 2004; *Weininger v Sassower,* 204 AD2d 715; *Rosato v Ricciardi,* 174 AD2d 937). The plaintiff Nighat Paracha should therefore have been granted leave to file proof of ser-

vice after the expiration of the 20-day filing period set forth in CPLR 308 (2).

The Supreme Court also erred in granting the respondent's motion to dismiss the complaint insofar as it is asserted against him pursuant to CPLR 3215 (c). Because the proof of service required by CPLR 308 (2) has yet to be filed, the respondent never defaulted in appearing (see, Bank of N. Y. v Schwab, 97 AD2d 450; Marazita v Nelbach, 91 AD2d 604; Red Cheek Natl. Bank v Star Ranch, 58 AD2d 983). Because the respondent never defaulted, the plaintiff Nighat Paracha could not have properly entered a default judgment (see, Rosado v Ricciardi, supra). Therefore, the provisions of CPLR 3215 (c) do not apply. Bracken, J. P., Miller, Joy, Hart and Krausman, JJ., concur.