■ ALAN HAUSKNECHT et al., Plaintiffs, v PAUL ACKERMAN et al., Respondents, and CHARLES EMMA, Appellant. [662 NYS2d 567] —In an action, *inter alia,* for a judgment declaring that the plaintiffs Alan Hausknecht and Solomon Kalish each own one-third of the shares in a corporation, the counterclaim-defendant Charles Emma appeals (1) from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated July 23, 1996, as granted the motion of the defendant Elizabeth Kelly for leave to enter a judgment on her counterclaims against Emma upon his default in replying to the counterclaims, and denied that branch of his cross motion which was to dismiss Elizabeth Kelly's counterclaims or, in the alternative, for leave to interpose a reply to her counterclaims, and (2), as limited by his brief, from so much of an order of the same court, dated November 8, 1996, as denied that branch of his motion which was, in effect, to renew that branch of his cross motion which was to dismiss Elizabeth Kelly's counterclaims or for leave to interpose a reply, and granted the cross motion of the defendant Paul Ackerman, in effect, (a) to reargue that branch of the cross motion of Charles Emma which was to dismiss Ackerman's counterclaims and upon reargument denied that branch of Emma's cross motion, and (b) for leave to enter a judgment upon Emma's default in replying to Ackerman's counterclaims.

Ordered that the order dated July 23, 1996, is modified by (1) deleting the provision thereof which granted Elizabeth Kelly's motion for leave to enter a judgment against Charles Emma on her counterclaims and substituting therefor a provision denying Kelly's motion, and (2) deleting the provision thereof which denied that branch of Charles Emma's cross motion which was to leave to interpose a reply to Kelly's counterclaims and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal of Charles Emma from so much of the order dated November 8, 1996, as denied that branch of his motion which was for renewal is dismissed as academic; and it is further,

Ordered that the order dated November 8, 1996, is modified by (1) deleting the provision thereof which, upon reargument, denied that branch of Charles Emma's prior cross motion which was to dismiss Paul Ackerman's fifth counterclaim and substituting therefor a provision adhering to so much of the order dated July 23, 1996, as dismissed that counterclaim, (2) deleting the provision thereof which granted the branch of Paul Ackerman's cross motion which was for leave to enter judgment against Charles Emma upon his default in replying to the counterclaims and substituting therefor a provision denying that branch of the cross motion, and (3) adding a provision thereto granting leave to Charles Emma to interpose a reply to Paul Ackerman's remaining counterclaims; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the time of the defendants Elizabeth Kelly and Paul Ackerman to file proof of service of their counterclaims pursuant to CPLR 308 (2) is extended, nunc pro tunc, until March 26, 1996, and April 11, 1996, respectively; and it is further,

Ordered that the time of the counterclaim-defendant Charles Emma to serve replies to the respective counterclaims is enlarged until 20 days after service upon him of a copy of this decision and order with notice of entry.

This appeal relates to counterclaims filed by Elizabeth Kelly and Paul Ackerman, the defendants in the main action (hereinafter collectively the counterclaimants), against Charles Emma, who was not a plaintiff in the action. Kelly asserted four counterclaims against Emma, while Ackerman asserted eleven. The first four counterclaims of both Kelly and Ackerman were essentially identical. Emma never replied to the counterclaims and subsequently alleged that service was improper. Thereafter both Kelly and Ackerman moved for leave to enter default judgments against Emma. Emma cross-moved to dismiss both Kelly's and Ackerman's counterclaims on jurisdictional grounds or, in the alternative, to dismiss Kelly's first, second, and third counterclaims for failure to state a cause of action and to dismiss Ackerman's first, second, third, and fifth counterclaims on the same ground.

Kelly, through her attorney, submitted opposition papers to Emma's cross motion, *inter alia,* specifically addressing the al-

legations that her first, second, and third counterclaims did not state a cause of action. It appeared that Ackerman did not submit opposition papers.

In an order dated July 23, 1996, the Supreme Court initially determined that service of Kelly's counterclaims upon Emma was proper and that Emma had not established an "excusable mistake" for failing to reply to Kelly's counterclaims or a meritorious defense to those counterclaims. Accordingly, the court granted Kelly's motion for leave to enter a default judgment. The court granted that branch of Emma's cross motion which was to dismiss Ackerman's counterclaims upon Ackerman's apparent default in opposing Emma's cross motion. There appears to have been no disposition of Ackerman's motion for leave to enter a default judgment against Emma.

Thereafter, Emma moved, *inter alia,* to renew that branch of his prior cross motion which was to dismiss Kelly's counterclaims or, in the alternative, for leave to interpose a reply. Ackerman cross-moved, in effect, (1) to reargue that branch of Emma's prior cross motion which was to dismiss Ackerman's counterclaims, and (2) for leave to enter a default judgment against Emma. Ackerman argued that the papers Kelly had submitted in opposition to Emma's prior cross motion were submitted on his behalf also, pursuant to an agreement between his attorney and Kelly's attorney. Therefore, Ackerman argued, he had not defaulted in opposing Emma's cross motion and the court erred in granting that branch of the cross motion which was to dismiss Ackerman's counterclaims. In an order dated November 8, 1996, the Supreme Court, *inter alia,* denied Emma's motion and granted Ackerman's cross motion.

While both Ackerman and Kelly elected to serve Emma pursuant to CPLR 308 (2) neither established that proofs of service were timely filed with the County Clerk of Nassau County as required by that provision. Consequently, Emma's time to reply never began to run (*see, Marazita v Nelbach,* 91 AD2d 604). Therefore, the Supreme Court erred in granting the motions of Kelly and Ackerman for leave to enter a default judgment based on Emma's failure to reply to the counterclaims. We note that Kelly's and Ackerman's failure to file proof of service timely is a "mere irregularity" which may be cured by an order pursuant to CPLR 2004 (*Rosato v Ricciardi,* 174 AD2d 937, 938; *see also, McCormack v Gomez,* 137 AD2d 504, 505). Accordingly, we have extended the time of Kelly and Ackerman to file proofs of service based on the date that proofs of service were actually filed.

By adopting Kelly's opposition papers which only addressed

Emma's claims that the first through third counterclaims failed to state a cause of action, Ackerman did not oppose the dismissal of his fifth counterclaim in the Supreme Court. Therefore, the Supreme Court erred, when, upon reargument, it reinstated that counterclaim and granted Ackerman's motion for leave to enter a default judgment on that counterclaim. Moreover, Ackerman cannot challenge the dismissal of his fifth counterclaim for failure to state a cause of action for the first time on appeal (*see, Green Point Sav. Bank v Oppenheim,* 217 AD2d 571).

Under a liberal reading of the counterclaims and assuming, as we must, that their allegations are true, the first, second, and third counterclaims of both Kelly and Ackerman state cognizable causes of action sounding in fraud, malpractice, and tortious interference of a business relationship (*see, Morone v Morone,* 50 NY2d 481; *Green v Leibowitz,* 118 AD2d 756). As such, these counterclaims should not be dismissed for failure to state a cause of action. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.