■ IOANNIS PIPINIAS, Respondent, v J. SACKARIS & SONS, INC., et al., Appellants. [983 NYS2d 587]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated December 5, 2012, as denied their motion, inter alia, to dismiss the complaint as abandoned pursuant to CPLR 3215 (c), and granted those branches of the plaintiff's cross motion which were, in effect, to extend his time to file proof of service as to the defendant Lawrence Mirro, nunc pro tunc, to the date upon which such proof of service was actually filed, and to direct the defendants to appear and answer.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant J. Sackaris & Sons, Inc., as abandoned pursuant to CPLR 3215 (c), and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof granting that branch of the plaintiff's cross motion which was to direct the defendant J. Sackaris & Sons, Inc., to appear and answer, and substituting therefor a provision denying that branch of the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries in December 2002. By service of an order to show cause dated August 21, 2012, the defendants moved, inter alia, to dismiss the complaint as abandoned pursuant to CPLR 3215 (c).

CPLR 3215 (c) provides, with regard to default judgments, in pertinent part, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed."

With regard to the defendant Lawrence Mirro, the defendants contend, and the plaintiff concedes, that proof of service of the summons and complaint was not filed within 20 days of service as required by CPLR 308 (2). The plaintiff correctly asserts that since the late filing of proof of service as to Mirro was a nullity and Mirro's time to answer never began to run, the plaintiff therefore could not have previously obtained a default judgment against Mirro and the provisions of CPLR 3215 (c) do not apply as to Mirro (*see Paracha v County of Nassau*, 228 AD2d 422, 424 [1996]; *see also Zareef v Lin Wong*, 61 AD3d 749, 749 [2009];

*Bank of New York v Schwab*, 97 AD2d 450, 450 [1983]). Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the record which could not have been avoided if brought to the attention of the Supreme Court at the appropriate juncture (*see Guy v Hatsis*, 107 AD3d 671, 671-672 [2013]; *Byrne v Nicosia*, 104 AD3d 717, 719 [2013]; *Muniz v Mount Sinai Hosp. of Queens*, 91 AD3d 612, 618 [2012]; *Needleman v Tornheim*, 88 AD3d 773, 774 [2011]). Accordingly, we reach this issue. Since Mirro's time to answer never began to run and the plaintiff could not have obtained a default judgment against him, as to Mirro, the provisions of CPLR 3215 (c) do not apply. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Mirro as abandoned pursuant to CPLR 3215 (c), and properly granted that branch of the plaintiff's cross motion which was to direct Mirro to appear and answer.

There is no dispute concerning the filing of proof of service on the defendant J. Sackaris & Sons, Inc. (hereinafter Sackaris). "The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.*, 86 AD3d 301, 307-308 [2011]; *see Butindaro v Grinberg*, 57 AD3d 932 [2008]; *DuBois v Roslyn Natl. Mtge. Corp.*, 52 AD3d 564, 565 [2008]; *County of Nassau v Chmela*, 45 AD3d 722, 722 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d 624, 625 [2005]). "The one exception to the otherwise mandatory language of CPLR 3215 (c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if 'sufficient cause is shown why the complaint should not be dismissed' " (*Giglio v NTIMP, Inc.*, 86 AD3d at 308, quoting CPLR 3215 [c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (*Giglio v NTIMP, Inc.*, 86 AD3d at 308; *see Ryant v Bullock*, 77 AD3d 811, 811 [2010]; *Solano v Castro*, 72 AD3d 932, 932-933 [2010]; *115-41 St. Albans Holding Corp. v Estate of Harrison*, 71 AD3d 653, 653 [2010]; *Sicurella v 111 Chelsea, LLC*, 67 AD3d 996, 996 [2009]; *DuBois v Roslyn Natl. Mtge. Corp.*, 52 AD3d at 565; *County of Nassau v Chmela*, 45 AD3d at 722; *Durr v New York Community Hosp.*, 43 AD3d 388, 389 [2007]; *Costello v Reilly*, 36 AD3d 581, 581 [2007]; *Kay Waterproofing Corp. v Ray Realty Fulton, Inc.*, 23 AD3d at 625; *London v Iceland Inc.*, 306 AD2d

517, 517 [2003]). "The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court" (*Giglio v NTIMP, Inc.*, 86 AD3d at 308; *see Staples v Jeff Hunt Devs., Inc.*, 56 AD3d 459, 460 [2008]; *Costello v Reilly*, 36 AD3d at 581; *Ewart v Maimonides Med. Ctr.*, 239 AD2d 543, 544 [1997]). However, "[a]lthough the determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court, reversal is warranted if that discretion is improvidently exercised" (*Butindaro v Grinberg*, 57 AD3d at 932; *see Staples v Jeff Hunt Devs., Inc.*, 56 AD3d at 460; *McHenry v Miguel*, 54 AD3d 912, 913 [2008]).

Here, the plaintiff failed to move for a default judgment for approximately $9^{1}/_{2}$ years between Sackaris's default in appearing or answering and the plaintiff's September 2012 cross motion. The plaintiff's claims concerning proceedings in a prior federal action involving these parties based on the same claims, including the discovery conducted in connection therewith, and the plaintiff's understanding as to the parties' intentions once the federal action was discontinued and this action was commenced, did not constitute a reasonable excuse for the delay. Moreover, while law office failure, also raised by the plaintiff, may be accepted as a reasonable excuse for a delay in taking action, " 'law office failure should not be excused . . . where allegations of law office failure are conclusory and unsubstantiated' " (*Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789, 790 [2011], quoting *Star Indus., Inc. v Innovative Beverages, Inc.*, 55 AD3d 903, 904 [2008]). Under the circumstances of this case, the plaintiff failed to establish a reasonable excuse for his extensive delay in moving for a default judgment against Sackaris. Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against Sackaris as abandoned pursuant to CPLR 3215 (c), and should have denied that branch of the plaintiff's cross motion which was to direct Sackaris to appear and answer, regardless of whether the plaintiff established that the action was potentially meritorious.

A plaintiff's delay in filing proof of service is a mere procedural irregularity which may be corrected by an order of the court permitting late filing of proof of service (*see Discover Bank v Eschwege*, 71 AD3d 1413, 1414 [2010]; *Zareef v Lin Wong*, 61 AD3d at 749; *Hausknecht v Ackerman*, 242 AD2d 604, 606 [1997]; *Paracha v County of Nassau*, 228 AD2d 422 [1996]; *Rosato v Ricciardi*, 174 AD2d 937, 937-938 [1991]; *Bank of New York v Schwab*, 97 AD2d at 450; *Haegeland v Massa*, 75 AD2d

864 [1980]; *see also* CPLR 2004 [extensions of time generally]; *Weininger v Sassower*, 204 AD2d 715, 716 [1994]). Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was, in effect, to extend his time to file proof of service as to Mirro, nunc pro tunc, to the date upon which such proof of service was actually filed and directing that defendant to appear and answer within 30 days of the date of the order (*see Hausknecht v Ackerman*, 242 AD2d at 606).

The parties' remaining contentions are improperly raised for the first time on appeal, are without merit, or need not be reached in light of our determination. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.