■ WELLS FARGO BANK, N.A., Respondent, v RUSSELL BONANNO et al., Defendants, and MAUREEN BONANNO, Appellant. [45 NYS3d 173]—

In an action to foreclose a mortgage, the defendant Maureen Bonanno appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated August 26, 2014, as granted that branch of the plaintiff's motion which was for an order of reference insofar as asserted

against her, and denied her cross motion, inter alia, to dismiss the complaint insofar as asserted against her as abandoned pursuant to CPLR 3215 (c).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was for an order of reference insofar as asserted against the defendant Maureen Bonanno is denied, and that branch of the defendant Maureen Bonanno's cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her as abandoned is granted.

In October 2003, the appellant and her former husband obtained a loan from Wells Fargo Home Mortgage, Inc., in the principal sum of $322,700, which was secured by a mortgage on their home in Seaford, New York. In August 2011, the plaintiff, Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Home Mortgage, Inc., commenced this foreclosure action alleging that the appellant and her former husband defaulted on their payment obligations by failing to pay principal and interest charges that came due on June 1, 2009. The appellant was personally served with process on August 20, 2011, but did not interpose an answer to the complaint. Although the appellant attended mandatory foreclosure settlement conferences on February 7, 2012, and May 9, 2012, a settlement could not be reached. At the conclusion of the second conference on May 9, 2012, the Supreme Court marked the settlement conference held and advised the plaintiff that it may proceed with the action.

Nearly two years later, by notice of motion dated March 22, 2014, the plaintiff moved for an order of reference. The appellant cross-moved to dismiss the complaint insofar as asserted against her on several grounds, including the plaintiff's failure to initiate proceedings for the entry of a default judgment against her within one year after her default in answering the complaint. The Supreme Court granted the plaintiff's motion and denied the appellant's cross motion, finding, inter alia, that the plaintiff had demonstrated good cause for the delay in prosecuting the action and had not abandoned it. We reverse the order insofar as appealed from.

CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed." Here, although it is undisputed that the appellant defaulted in September 2011, the plaintiff did not initiate proceedings for

the entry of a default judgment until March 2014. Thus, the plaintiff was required to establish "sufficient cause" why the complaint should not be dismissed, which requires a showing that it had a reasonable excuse for the delay in taking proceedings for the entry of a default judgment, and that it has a potentially meritorious cause of action (*see Maspeth Fed. Sav. & Loan Assn. v Brooklyn Heritage, LLC*, 138 AD3d 793 [2016]; *Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2015]; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d 749, 751 [2014]). Here, while the plaintiff and the appellant were engaged in mandatory foreclosure settlement conferences for a period of approximately three months in 2012, at the conclusion of the second settlement conference on May 9, 2012, the plaintiff was authorized to proceed with the prosecution of this action. However, the plaintiff took no steps to initiate proceedings for entry of a default judgment until nearly two years later, and it failed to demonstrate a reasonable excuse for this delay (*see HSBC Bank USA, N.A. v Grella*, 145 AD3d 669 [2d Dept 2016]; *U.S. Bank, N.A. v Dorvelus*, 140 AD3d 850, 852 [2016]; *Whiteside v Manfredi*, 132 AD3d 851, 852 [2015]; *Kohn v Tri-State Hardwoods, Ltd.*, 92 AD3d 642, 643 [2012]; *cf. Wells Fargo Bank, N.A. v Adickes*, 137 AD3d 1365 [2016]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for an order of reference insofar as asserted against the appellant, and granted that branch of the appellant's cross motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against her as abandoned.

In light of our determination, we need not address the parties' remaining contentions. Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.