(November 1, 2017)

■ BANK OF AMERICA, N.A., Respondent, v JAMIE D. RICE et al., Defendants, and GUSTAVIA HOME, LLC, Appellant. [63 NYS3d 486]—

Appeal from an order of the Supreme Court, Queens County (David Elliot, J.), entered June 2, 2016. The order, insofar as appealed from, denied those branches of the motion of the defendant Gustavia Home, LLC, which were pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned and to vacate a decision of that court dated September 16, 2015, directing that the plaintiff's renewed motion, inter alia, for leave to enter a default judgment and for an order of reference be granted.

Ordered that the appeal from so much of the order as denied that branch of the motion of the defendant Gustavia Home, LLC, which was to vacate the decision dated September 16, 2015, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (*see Mosby v Parilla,* 140 AD3d 1129 [2016]; *Coradin v New York City Tr. Auth.,* 3 AD3d 547 [2004]); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs.

CPLR 3215 (c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (*Wells Fargo Bank, N.A. v Bonanno,* 146 AD3d 844, 845 [2017] [internal quotation marks omitted]; *see Pipinias v J. Sackaris & Sons, Inc.,* 116 AD3d 749, 750 [2014]). "The language of CPLR 3215 (c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215 [c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (*Giglio v NTIMP, Inc.,* 86 AD3d 301, 307-308 [2011]; *see HSBC Bank USA, N.A. v Grella,* 145 AD3d 669, 671 [2016]; *Pipinias v J. Sackaris & Sons, Inc.,* 116 AD3d at 751).

"Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default

judgment and that it has a potentially meritorious action" (*Aurora Loan Servs., LLC v Hiyo*, 130 AD3d 763, 764 [2015]; *see HSBC Bank USA, N.A. v Grella*, 145 AD3d at 671; *Pipinias v J. Sackaris & Sons, Inc.*, 116 AD3d at 750). Moreover, "[t]he mere fact that the legislative intent underlying CPLR 3215 (c) was to prevent the plaintiffs from unreasonably delaying the determination of an action, does not foreclose the possibility that a defendant may waive the right to seek a dismissal pursuant to the section by his or her conduct" (*Myers v Slutsky*, 139 AD2d 709, 710 [1988]). A defendant may waive the right to seek dismissal pursuant to CPLR 3215 (c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (*Myers v Slutsky*, 139 AD2d at 711; *see De Lourdes Torres v Jones*, 26 NY3d 742, 772 [2016]; *HSBC Bank USA v Lugo*, 127 AD3d 502, 503 [2015]; *Hodson v Vinnie's Farm Mkt.*, 103 AD3d 549 [2013]).

Here, the defendant Gustavia Home, LLC, waived its right to seek dismissal of the complaint insofar as asserted against it pursuant to CPLR 3215 (c) by filing a notice of appearance (*see* CPLR 320 [a]; *Myers v Slutsky*, 139 AD2d 709 [1988]; *cf. HSBC Bank USA, N.A. v Grella*, 145 AD3d at 671). Accordingly, the Supreme Court properly denied that branch of its motion which was pursuant to CPLR 3215 (c) to dismiss the complaint insofar as asserted against it as abandoned. Eng, P.J., Roman, Miller and Christopher, JJ., concur.