Wells Fargo Bank, N.A. v Pietro A. Cafasso (2018 NY Slip Op 01351)





Wells Fargo Bank, N.A. v Pietro A. Cafasso


2018 NY Slip Op 01351


Decided on February 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-02848
2016-07539
 (Index No. 678/11)

[*1]Wells Fargo Bank, National Association, etc., respondent, 
v
Pietro A. Cafasso, appellant, et al., defendants.


Miller, Rosado & Algios, LLP, Garden City, NY (Christopher Rosado and Neil A. Miller of counsel), for appellant.
Blank Rome LLP, New York, NY (Jill E. Alward and Andrea M. Roberts of counsel), for respondent.



DECISION & ORDER
Appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered February 9, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Pietro A. Cafasso upon his failure to answer the complaint, and to appoint a referee to compute the amount due to the plaintiff. The second order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Pietro A. Cafasso upon his failure to answer the complaint, and to appoint a referee to compute the amount due to the plaintiff, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the first order entered February 9, 2016, as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Pietro A. Cafasso upon his failure to answer the complaint, and to appoint a referee to compute the amount due to the plaintiff is dismissed, as that portion of the order was superseded by the second order entered February 9, 2016; and it is further,
ORDERED that the second order entered February 9, 2016, is reversed insofar as appealed from, on the law and in the exercise of discretion, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Pietro A. Cafasso and to appoint a referee to compute the amount due to the plaintiff are denied, the first order entered February 9, 2016, is modified accordingly, and the complaint is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Pietro A. Cafasso.
The plaintiff commenced this mortgage foreclosure action against the defendant Pietro A. Cafasso, among others, in January 2011. Cafasso defaulted in answering the complaint, and thereafter failed to appear at a settlement conference in August of 2011. On or about October 8, 2015, the plaintiff moved for leave to enter a default judgment against, among others, Cafasso, and to appoint a referee to compute the amount due to the plaintiff. Cafasso opposed the motion, arguing that inasmuch as more than four years had elapsed since his default in answering, the complaint should be dismissed pursuant to CPLR 3215(c). In two orders, both entered February 9, 2016, the Supreme Court, inter alia, granted the plaintiff's motion and appointed a referee to [*2]compute the amount due under the mortgage. Cafasso appeals.
Cafasso correctly contends that the Supreme Court improperly granted those branches of the plaintiff's motion which were for leave to enter a default judgment against him and to appoint a referee to compute the amount due to the plaintiff, and that the complaint should be dismissed. CPLR 3215(c) generally provides that where a plaintiff fails to take proceedings for the entry of judgment within one year after a default, the court shall dismiss the complaint as abandoned. "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751-752). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752, quoting Giglio v NTIMP, Inc., 86 AD3d at 308; see Park Lane North Owners, Inc. v Gengo, 151 AD3d 874). Under the circumstances at bar, the Supreme Court improvidently exercised its discretion in finding that the plaintiff proffered a reasonable excuse for the delay, since the plaintiff's conclusory and unsubstantiated assertions that unspecified periods of delay were attributable to the effects of Hurricane Sandy, compliance with a then newly enacted administrative order, and changes in loan servicers and counsel were insufficient for this purpose (see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 672; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
The parties' remaining contentions either are without merit or need not be reached in view of the foregoing.
MASTRO, J.P., CHAMBERS, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court