HSBC Bank USA, N.A. v Jean (2018 NY Slip Op 06517)





HSBC Bank USA, N.A. v Jean


2018 NY Slip Op 06517


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-05482
 (Index No. 10434/12)

[*1]HSBC Bank USA, N.A., etc., respondent,
v
Jocelyn Jean, appellant, et al., defendants.


James J. Quail & Associates P.C., Massapequa, NY, for appellant.
Hinshaw & Culbertson LLP, New York, NY (Dana B. Briganti and Schuyler B. Kraus of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jocelyn Jean appeals from a judgment of foreclosure and sale of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), dated April 12, 2016. The judgment, upon an order of the same court also dated April 12, 2016, granting the plaintiff's motion for a judgment of foreclosure and sale and denying that branch of the cross motion of the defendant Jocelyn Jean which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned, inter alia, directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion for a judgment of foreclosure and sale is denied, that branch of the cross motion of the defendant Jocelyn Jean which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and the order dated April 12, 2016, is modified accordingly.
In March 2012, the plaintiff commenced this action against Jocelyn Jean (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to answer the complaint. In September 2013, the plaintiff moved, inter alia, for an order of reference. In an order dated August 6, 2014, the Supreme Court granted the motion. In a second order dated August 6, 2014, the court, inter alia, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. Thereafter, in October 2015, the plaintiff moved for a judgment of foreclosure and sale. The defendant cross-moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. In an order dated April 12, 2016, the court granted the plaintiff's motion and denied the defendant's cross motion. The court issued a judgment of foreclosure and sale the same day. The defendant appeals.
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Bank of Am., N.A. v Rice, 155 AD3d 593, 593; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750). "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' [*2]dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 671; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 751). "Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause," which requires the plaintiff to "demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750).
Here, it is undisputed that the plaintiff did not take proceedings for entry of judgment until it moved for an order of reference more than one year after the defendant's default. Moreover, the plaintiff submitted no opposition to the defendant's cross motion, inter alia, pursuant to CPLR 3215(c) and, thus, failed to make the requisite showing of sufficient cause to excuse its delay (see Wells Fargo Bank, N.A. v Bonanno, 146 AD3d at 846; Whiteside v Manfredi, 132 AD3d 851, 852-853; Jones v Corley, 35 AD3d 381, 382). The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in view of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's motion for a judgment of foreclosure and sale and granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court