Private Capital Group, LLC v Hosseinipour (2019 NY Slip Op 01809)





Private Capital Group, LLC v Hosseinipour


2019 NY Slip Op 01809


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-01493
 (Index No. 22063/06)

[*1]Private Capital Group, LLC, respondent, 
v
Essy Hosseinipour, etc., appellant, et al., defendants.


Mordente Law Firm LLC, Fresh Meadows, NY (Anthony R. Mordente of counsel), for appellant.
Lamb & Barnosky, LLP, Melville, NY (Michelle S. Feldman and Joel M. Markowitz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Essy Hosseinipour appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered September 29, 2016. The order denied those branches of that defendant's motion which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned or, in the alternative, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law and the facts, with costs, that branch of the motion of the defendant Essy Hosseinipour which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, and that branch of his motion which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied as academic.
In October 2006, the plaintiff commenced this action against the defendant Essy Hosseinipour (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to appear or answer the complaint. In November 2008, the plaintiff served and filed a note of issue, and in March 2009, the plaintiff served the defendant with a notice pursuant to CPLR 3215(g) and a motion, inter alia, for summary judgment on the complaint and an order of reference. In an order dated May 14, 2010, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the complaint and for an order of reference. On appeal, this Court reversed the order dated May 14, 2010, insofar as appealed from and, inter alia, denied that branch of the plaintiff's motion which was for an order of reference (see Private Capital Group, LLC v Hosseinipour, 86 AD3d 554). By order to show cause dated June 20, 2016, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned or, in the alternative, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order entered September 29, 2016, the court denied those branches of the defendant's motion. The defendant appeals.
Contrary to the plaintiff's contention, the defendant did not waive the right to seek dismissal of the complaint insofar as asserted against him pursuant to CPLR 3215(c) when, in June [*2]2009, his attorney contacted the plaintiff's attorney in an attempt to resolve the litigation. A defendant may waive the right to seek a dismissal pursuant to CPLR 3215(c) by serving an answer or taking "any other steps which may be viewed as a formal or informal appearance" (Myers v Slutsky, 139 AD2d 709, 711; see De Lourdes Torres v Jones, 26 NY3d 742, 772; HSBC Bank USA, N.A. v Grella, 145 AD3d 669, 670-671; HSBC Bank USA v Lugo, 127 AD3d 502, 503; Hodson v Vinnie's Farm Mkt., 103 AD3d 549). Here, the defendant did not appear formally or informally, since he did not actively litigate the action before the Supreme Court (see Henderson v Henderson, 247 NY 428; Taylor v Taylor, 64 AD2d 592) or participate in the action on the merits (see Taveras v City of New York, 108 AD3d 614, 617-618; Rubino v City of New York, 145 AD2d 285). Accordingly, the defendant did not waive his right to seek dismissal of the complaint insofar as asserted against him pursuant to CPLR 3215(c).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . unless sufficient cause is shown why the complaint should not be dismissed" (see Bank of Am., N.A. v Rice, 155 AD3d 593, 593; Wells Fargo Bank, N.A. v Bonanno, 146 AD3d 844, 845; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750). The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts "shall" dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 751; Giglio v NTIMP, Inc., 86 AD3d 301, 307-308).
The plaintiff failed to establish that after the defendant was served with process in October 2006, it took steps to initiate proceedings for the entry of a default judgment against the defendant even though he failed to appear in the action or answer the complaint (see Taveras v City of New York, 108 AD3d at 618; Solano v Castro, 72 AD3d 932; Butindaro v Grinberg, 57 AD3d 932). The plaintiff did not take proceedings for the entry of judgment against the defendant until it moved for an order of reference more than two years and three months after the defendant's default (see HSBC Bank USA, N.A. v Jean, 165 AD3d 632).
Failure to take proceedings for the entry of judgment may be excused, however, upon a showing of sufficient cause, which requires a plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for the entry of a judgment and that it has a potentially meritorious action (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 750). Here, the plaintiff failed to move for leave to enter a default judgment against the defendant, even after the defendant moved to dismiss the complaint insofar as asserted against him as abandoned more than 9½ years after his default. The plaintiff's claim that it could not seek a default judgment against the defendant until it completed the exchange of pleadings and discovery with the defendants Wells Fargo Home Mortgage, Inc., and Wells Fargo Bank, N.A., and obtained a disposition with respect to those defendants' counterclaims did not constitute a reasonable excuse (see US Bank, N.A. v Onuoha, 162 AD3d 1094, 1096; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752). The plaintiff failed to explain why the litigation with those nondefaulting defendants was a ground to delay seeking a default judgment and an ex parte order permitting further proceedings against the defendant to occur after a disposition of the action against the nondefaulting defendants (see CPLR 3215[d]). Furthermore, the allegations of the plaintiff's attorney regarding law office failure were conclusory and unsubstantiated (see CPLR 2005; Ibrahim v Nablus Sweets Corp., 161 AD3d 961, 963; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752; Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790).
Since the plaintiff failed to meet its burden to show sufficient cause why the complaint should not be dismissed, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned (see HSBC Bank USA, N.A. v Grella, 145 AD3d at 671; Aurora Loan Servs., LLC v Hiyo, 130 AD3d at 764; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752).
The defendant's remaining contention need not be reached in light of our [*3]determination.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court