OneWest Bank, FSB v Rodriguez (2019 NY Slip Op 02532)





OneWest Bank, FSB v Rodriguez


2019 NY Slip Op 02532


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-07168
 (Index No. 23664/10)

[*1]OneWest Bank, FSB, respondent, 
v
Jose Rodriguez, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Steven Amshen, and Christopher Villanti of counsel), for appellant.
Sheldon May & Associates, P.C. (Stim & Warmuth, P.C., Farmingville, NY [Glenn P. Warmuth], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jose Rodriguez appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 26, 2017. The order denied that defendant's motion to dismiss the complaint insofar as asserted against him for failure to comply with a court rule.
ORDERED that order is affirmed, with costs.
In September 2010, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Jose Rodriguez (hereinafter the defendant). The defendant answered the complaint, asserting several affirmative defenses and counterclaims, to which the plaintiff replied. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order entered April 1, 2015, the Supreme Court granted the motion and referred the matter to a referee to compute the amount due to the plaintiff.
By order to show cause dated May 11, 2016, the defendant moved to dismiss the complaint insofar as asserted against him for failure to comply with Kings County Supreme Court Uniform Civil Term Rules, Part F, rule 8 (hereinafter Rule 8). The plaintiff opposed the defendant's motion to dismiss, arguing that it had a reasonable excuse for its failure to comply with Rule 8. Subsequently, the plaintiff moved for a judgment of foreclosure and sale. On April 26, 2017, a judgment of foreclosure and sale was issued. On the same day, the Supreme Court denied the defendant's motion to dismiss the complaint, concluding that the plaintiff presented a reasonable excuse for its failure to comply with Rule 8. The defendant appeals.
"Rule 8 requires a plaintiff in a foreclosure action to file a motion for a judgment of foreclosure within one year of entry of the order of reference" (Retained Realty, Inc. v Koenig, 166 AD3d 691, 691). "The determination of whether an excuse is reasonable is committed to the sound discretion of the motion court" (U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852; see Bank of N.Y. Mellon v Colucci, 138 AD3d 1047, 1047). Reversal is warranted "if that discretion is improvidently exercised" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 752 [internal quotation marks [*2]omitted]). Here, contrary to the defendant's contention, the record evidence demonstrated that the plaintiff's delay in seeking a judgment of foreclosure and sale in contravention of Rule 8 was occasioned by events that occurred during the rule's one-year period, such as the plaintiff's substitution of counsel coupled with efforts undertaken thereafter to comply with the Administrative Orders of the Chief Administrative Judge of the State of New York and to obtain the documents indispensable to the preparation of a proposed judgment of foreclosure and sale, as set forth in the affirmation of the plaintiff's counsel based upon her personal review of her law firm's business records.
Accordingly, the Supreme Court providently exercised its discretion in determining that the plaintiff presented a reasonable excuse for its failure to comply with Rule 8. Therefore, we agree with the court's denial of the defendant's motion to dismiss the complaint for failure to comply with that court rule.
In light of our determination, we need not reach the parties' remaining contentions.
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court