BAC Home Loans Servicing, L.P. v Bertram (2019 NY Slip Op 02841)





BAC Home Loans Servicing, L.P. v Bertram


2019 NY Slip Op 02841


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2016-08213
2016-08215
 (Index No. 14436/11)

[*1]BAC Home Loans Servicing, L.P., etc., respondent,
v
Robin D. Bertram, appellant, et al., defendants.


Vivia L. Joseph Law Group P.C., Cambria Heights, NY (David B. Calender of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, Bay Shore, NY (Christopher P. Kohn and Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robin D. Bertram appeals from two orders of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), both dated January 7, 2016. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Robin D. Bertram and for an order of reference, and denied those branches of the cross motion of Robin D. Bertram which were pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. The second order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a default judgment against the defendant Robin D. Bertram and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan.
ORDERED that the first order is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Robin D. Bertram and for an order of reference are denied, that branch of the motion of the defendant Robin D. Bertram which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted, that branch of the motion of the defendant Robin D. Bertram which was pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction is denied as academic, and so much of the second order as granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Robin D. Bertram and referred the matter to a referee to compute the amount due to the plaintiff on the mortgage loan is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
In April 2011, the plaintiff commenced this action against the defendants Robin D. Bertram (hereinafter Robin) and Claudette Bertram (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Central Islip. Thereafter, the plaintiff filed a supplemental summons and complaint dated May 2, 2011. The defendants failed to answer the complaint. In August 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. Robin cross-moved, inter alia, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The Supreme Court granted those branches of the plaintiff's motion and denied Robin's cross motion. Robin appeals.
"CPLR 3215(c) generally provides that [i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion'" (BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842, 843, quoting CPLR 3215[c]). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the complaint should not be dismissed'" (Giglio v NTIMP, Inc., 86 AD3d 301, 308, quoting CPLR 3215[c]). "This Court has interpreted this language as requiring both a reasonable excuse for the delay in timely moving for a default judgment, plus a demonstration that the cause of action is potentially meritorious" (Giglio v NTIMP, Inc., 86 AD3d at 308; see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751-752). " The determination of whether an excuse is reasonable in any given instance is committed to the sound discretion of the motion court'" (Pipinias v J. Sackaris & Sons, Inc., 116 AD3d at 752, quoting Giglio v NTIMP, Inc., 86 AD3d at 308; see Park Lane N. Owners, Inc. v Gengo, 151 AD3d 874).
Here, the plaintiff's conclusory and unsubstantiated assertions that unspecified periods of delay were attributable to compliance with a then newly adopted administrative order were insufficient to excuse the lengthy delay (see BAC Home Loans Servicing, LP v Broskie, 166 AD3d 842; Wells Fargo Bank, N.A. v Pietro A. Cafasso, 158 AD3d 848, 849-850). Moreover, even accepting the plaintiff's assertions that the action was delayed for certain periods of time due to "FEMA foreclosure hold[s]" after Hurricanes Irene and Sandy, the plaintiff provided no explanation for the period of approximately 16 months from the time the FEMA holds were no longer in effect until the plaintiff filed a request for judicial intervention, requesting a mandatory settlement conference. Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether it had a potentially meritorious cause of action (see U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against Robin and for an order of reference, and granted that branch of Robin's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
In light of our determination, we need to reach Robin's remaining contention.
BALKIN, J.P., CHAMBERS, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court