JPMorgan Chase Bank, N.A. v Hosain (2019 NY Slip Op 08830)





JPMorgan Chase Bank, N.A. v Hosain


2019 NY Slip Op 08830


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-11514
2016-11515
 (Index No. 18306/09)

[*1]JPMorgan Chase Bank, National Association, respondent, 
v
Mozamel Hosain, appellant, et al., defendants; Federal National Mortgage Association, nonparty.


Solomon Rosengarten, Brooklyn, NY, for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for nonparty Federal National Mortgage Association.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mozamel Hosain appeals from (1) an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 19, 2016, and (2) an order of the same court also dated September 19, 2016. The orders, insofar as appealed from, denied that branch of the motion of the defendant Mozamel Hosain which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
ORDERED that the appeal from the second order is dismissed as academic; and it is further,
ORDERED that the first order is reversed insofar as appealed from, on the law, and that branch of the motion of the defendant Mozamel Hosain which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Mozamel Hosain.
In July 2009, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Mozamel Hosain (hereinafter the defendant). The defendant was served pursuant to CPLR 308(2) on July 22, 2009, but did not interpose an answer to the complaint. By notice of motion dated September 5, 2012, the plaintiff moved, inter alia, for an order of reference. However, the plaintiff subsequently withdrew its motion. By written assignment dated April 5, 2014, the plaintiff assigned the mortgage to the Federal National Mortgage Association.
In April 2016, the defendant moved, inter alia, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned. The plaintiff opposed the defendant's motion and cross-moved, inter alia, for an order of reference. In an order dated September 19, 2016, the Supreme Court, inter alia, denied that branch of the defendant's motion. In a second order dated September 19, 2016, the court denied the defendant's motion, granted the plaintiff's cross motion, [*2]and referred the matter to a referee to compute the amount due on the mortgage loan. The defendant appeals from so much of the orders as denied that branch of his motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
In an order dated April 24, 2017, the Supreme Court, among other things, upon reargument, denied the plaintiff's cross motion, inter alia, for an order of reference, and vacated the second order appealed from. Accordingly, the appeal from the second order must be dismissed as academic.
Pursuant to CPLR 3215(c), "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned . . . upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307-308; see HSBC Bank USA, N.A. v Jean, 165 AD3d 632, 633; Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 751). " Failure to take proceedings for entry of judgment may be excused, however, upon a showing of sufficient cause,' which requires the plaintiff to demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action'" (HSBC Bank USA, N.A. v Jean, 165 AD3d at 634, quoting Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764).
Here, the defendant was served pursuant to CPLR 308(2) on July 22, 2009, and defaulted by failing to serve an answer within 30 days thereof (see CPLR 320[a]). However, neither the plaintiff nor the Federal National Mortgage Association took steps to initiate proceedings for the entry of a default judgment until September 2012, and the plaintiff has set forth no reasonable excuse for said failure. Although any motions in the action were held in abeyance while the parties participated in a series of foreclosure settlement conferences (see 22 NYCRR 202.12-a[c][7]; U.S. Bank, N.A. v Dorvelus, 140 AD3d 850, 852), the plaintiff's motion still was made more than one year after the matter was released from the settlement conference part in July 2011.
Under the circumstances, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against him as abandoned.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.

2016-11514 DECISION & ORDER ON MOTION
2016-11515
JPMorgan Chase Bank, National Association,
respondent, v Mozamel Hosain, appellant, et al.,
defendants; Federal National Mortgage Association,
nonparty.
(Index No. 18306/09)

Motion by the respondent, inter alia, to dismiss the appeals from two orders of the Supreme Court, Kings County, both dated September 19, 2016, on the ground that the appellant is no longer a necessary party and it has moved to discontinue the action against the appellant. By decision and order on motion of this Court dated October 10, 2017, that branch of the motion which is to dismiss the appeals was held in abeyance and referred to the panel of Justices hearing the [*3]appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the branch of the motion which is to dismiss the appeals is denied.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court